HODGES, District Judge,
concurring:
I concur in Judge Barkett’s opinion for the court, but write separately to make two brief observations.
First, the sentencing hearing was a lengthy one, extending into the evening after the taking of evidence and the argument of counsel on several points, and it is absolutely clear that the bypassing of the defendant’s personal allocution was an inadvertent oversight by all of the participants including the lawyers for both sides. In fact, the judge specifically inquired of counsel whether anything else needed to be done and he received a negative response.
Second, I would emphasize that United States v. Jones, 289 F.3d 1260 (11th Cir.2002), is distinguishable because there the sentencing judge clearly intended that the order of restitution be due immediately, and that was found to be justified by the defendant’s financial ability to pay as disclosed in the presentence report. There was no need for a payment schedule. Here, by contrast, although the judge ini *1256 tially declared that the order of restitution should be due and payable immediately, his subsequent remarks effectively recognized that the defendant’s apparent financial distress necessitated a payment schedule, a task he then delegated to the probation officer. It was the latter step that the statute forecloses; and, to my mind, that prohibition is entirely illogical when one considers that in many cases— where the defendant has no presently dis-cernable assets and a lengthy term of commitment is imposed — there will be little or no factual basis upon which to fashion a reasoned payment schedule of any kind. To delegate oversight of the payment protocol to the probation officer, amenable to adjustment over time and subject always to judicial approval, would make perfect good sense. I acknowledge, however, that the statutory scheme also supplies one apparent solution to this problem by (a) providing in 18 USC § 3664(f)(3)(B) that the court may direct “nominal periodic payments;” and by (b) providing in 18 USC § 3664(k) that the court may “adjust the payment schedule, or require immediate payment in full, as the interests of justice require” upon learning from the victim or the United States that there has been “a material change in the defendant’s economic circumstances.” Thus, in a case like this one, the sentencing court could elect to impose nominal payments during the period of incarceration and thereafter until such time as the court is notified by the victim or the United States that there has been a material change in the defendant’s ability to pay.